961 F.2d 216
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William E. NABERS, Jr., Petitioner-Appellee,
v.
SUPERINTENDENT, CALIFORNIA MEDICAL FACILITY, et al.,
Respondents-Appellants.
 No. 91-55570.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 6, 1992.
Decided April 22, 1992.
 
 Before BOOCHEVER, WILLIAM A. NORRIS and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court granted a writ of habeas corpus on the ground that Nabers did not intend to waive his right to a jury trial. We reverse.
 
 
 3
 * The topic of jury waiver was raised in court at a single hearing. The following colloquy took place:
 
 
 4
 COURT: Did you get a copy of the report of the probation officer, Mr. Nabers?
 
 
 5
 THE DEFENDANT: I just saw a copy just now. I haven't read the whole thing just now.
 
 
 6
 COURT: Would you like to read it before we proceed?
 
 
 7
 DEFENDANT: If I could yes. Please.
 
 
 8
 DEFENSE COUNSEL: Your Honor, while Mr. Nabers is reading this, I'd indicate to the court that we have discussed the trial in his case, and he's prepared to waive jury. Now set for trial on a dual plea of not guilty and not guilty by reason of insanity. He is prepared to waive jury on both issues.
 
 
 9
 He also would request the court change his pretrial date, which is presently the 16th of August, which is a Friday, because Friday the 16th is a holiday for him. My suggestion to the court would be that the matter could be set for the following Monday afternoon and perhaps be handled in the entirety on Monday afternoon the 19th.
 
 
 10
 THE COURT: That's acceptable to the court if the People accept.
 
 
 11
 DEPUTY DISTRICT ATTORNEY: Yes.
 
 
 12
 THE DEFENDANT: It's acceptable with me. It's perfect with me Your Honor. Thank you.
 
 
 13
 Excerpts of Record ("ER") 203-04.
 
 
 14
 Nabers claims that he thought he was only agreeing to a continuance and did not intend to waive his right to a jury trial.
 
 
 15
 A divided California Court of Appeal rejected Nabers's claim. The Court of Appeal majority based its decision on the following grounds: 1) the trial court twice explained the consequences of waiving a jury trial on the issue of his competence; 2) Nabers was educated and articulate; and 3) Nabers made no objection to having a bench trial during the trial itself.
 
 
 16
 Judge Willard dissented on the ground that the trial record was ambiguous. Judge Willard found the record ambiguous because: 1) Nabers, an English major, answered the judge's question about rescheduling and waiver by saying "it," indicating an answer to a single question; 2) the last topic discussed prior to his answer was the rescheduling; and 3) it is reasonable to assume that Nabers was concentrating in part on the bail report he had just been given.
 
 
 17
 Nabers filed a habeas petition in district court, and the district court referred the petition to a magistrate for recommendations. The magistrate agreed the transcript was inconclusive, but said that the California Court of Appeal decision constituted a finding of fact that Nabers intended to waive his right to a jury trial. Concluding that the record fairly supported such a finding, the magistrate recommended denial of the petition, pursuant to 28 U.S.C. § 2254(d) (state court findings of fact entitled to deference if fairly supported by the record).
 
 
 18
 The district court rejected the magistrate's recommendation and granted the petition. The district court reasoned that the question of waiver was a mixed question of fact and law that was not entitled to the presumption of correctness. After an evidentiary hearing, it concluded that Nabers had not intended to waive his right to a jury trial. In the alternative, the district court concluded that even if § 2254(d) applied, the Court of Appeal's conclusion was not supported by the evidence.
 
 
 19
 The question whether Nabers' reply to the trial court referred to the waiver, or only to the continuance, is a question of historic fact. The California Court of Appeal found that his assent in the court went to both the continuance and the waiver of a jury trial. Such a finding must be presumed correct unless not fairly supported by the record. See 28 U.S.C. § 2254(d).
 
 
 20
 We agree with the magistrate that the state court's finding that Nabers intended to waive his right to a jury trial is fairly supported by the record.[1]
 
 REVERSED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The evidence that Nabers knew the content of his rights, because he was intelligent or because the trial court previously advised him of the scope of a jury trial, is not relevant because Nabers' claim only involves the factual question of intent. Similarly, the cases cited by the district court on a trial court's duty to advise a defendant of the content of a jury trial are inapposite to the question whether he intended to waive his right to a jury trial